IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MORRIS DEAN DAVIS                                                                                    PLAINTIFF

    v.    Civil No.  15-3024

BOONE COUNTY SHERIFF'S
DEPARTMENT; FORMER SHERIFF
DONNIE HICKMAN; GUARD JASON
SILVA; and FORMER GUARD KENDRA
COMBS                                                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

  This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis.*

  The complaint was filed on April 8, 2015, in the Eastern District of Arkansas and then transferred to this district.  The Plaintiff is currently incarcerated in the Arkansas Department of Correction.  The events at issue in this case occurred while he was incarcerated in the Boone County Detention Center.

  Plaintiff alleges that on January 13, 2012, while he was at court, Defendants Silva and Combs ransacked his cell.  Plaintiff asserts that articles of personal property including his false teeth and eye glasses were missing and his legal work was thrown in the toilet.  Plaintiff maintains these actions deprived him of his property without the Due Process of law and impeded his right of access to the courts.

  Plaintiff's claims are barred by the statute of limitations.  Section 1983 does not contain its own statute of limitation.  Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations."  *Goodman v. Lukens Steel Co.*, 482 U.S. 656,

660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2014). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred prior to April of 2012, would be barred by the statute of limitations.

I therefore recommend that this action be **DISMISSED** with prejudice as it is barred by the statute of limitations.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of July, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE